**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1636-24

MAURICE OPARAJI,

    Plaintiff-Appellant,

v.

FITZ MALCOLM,

    Defendant-Respondent.

_____

Submitted January 6, 2026 – Decided January 15, 2026

Before Judges Firko and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. DC-008628-24.

Maurice Oparaji, self-represented appellant.

Respondent has not filed a brief.

PER CURIAM

    Plaintiff Maurice Oparaji, self-represented, appeals from a September 12, 2024 Special Civil Part judgment dismissing his complaint against defendant

Fitz Malcolm after a bench trial.[1]  Plaintiff also appeals from several motion court orders, which denied his motions to vacate the dismissal of his complaint and to amend the complaint.  After reviewing the record, plaintiff's argument, and applicable law, we affirm.

I.

On April 5, 2024, plaintiff filed a breach of contract complaint against defendant.  The parties entered a residential home renovation agreement (agreement) on August 27, 2018.  Plaintiff claimed defendant caused $20,000 in damages to his property.  While plaintiff's complaint referenced the agreement defendant entered on behalf of Malcolm Construction, LLC (Malcolm Construction), plaintiff did not name the company as a party.  Defendant's answer alleged he did not breach the agreement because it was plaintiff who failed to "show up" with the necessary materials, only paid him "$4,000," and received "more work than" defendant was paid to complete.

On September 12, 2024, the trial court conducted a bench trial at which both parties testified.  Plaintiff asserted the parties signed the renovation agreement in August 2018 for work at a house he had purchased but did not reside in.  Plaintiff explained that the total agreement price was $8,000 and he

_____

[1] Defendant failed to file a responsive brief to this appeal.

A-1636-24

paid defendant $4,000. Pursuant to the agreement, defendant was to finish the renovation work by September 10, 2018. Plaintiff spent $1,323.38 and $2,185.06 at Home Depot on materials such as "piping, brass fittings, [and] vanities," and also obtained other supplies. He testified that defendant "abandoned the job," kept the purchased supplies, and never returned his house key. Additionally, plaintiff maintained defendant left "junk" and "garbage" all over the house. During the trial, plaintiff introduced pictures, dated April 2019, depicting trash left throughout the house and damage to the interior, including holes in the walls.

In addressing why he waited almost five and a half years to file the complaint, plaintiff explained he initially tried to file a New York action against defendant and then traveled overseas because his mother passed away. He acknowledged having no pictures from "when [he] bought the house," which would have shown the condition of the house before defendant's work. Plaintiff asserted he did "not know whether [defendant] caused the damage or . . . kept the place open" and "[s]ome other person entered and caused th[e] damage[]." While a tenant previously resided at the property, no one had lived there for almost "six years."

3

A-1636-24

Defendant testified he painted two of the house's three floors, starting on the top floor and working down. He produced pictures that contradicted plaintiff's photographs and asserted plaintiff's assertions were "totally lies." He further testified about the work he performed and produced pictures showing spackled walls, changed linoleum, an "installed ceramic[] floor," and rooms free of debris. He posited his pictures were "nothing" like plaintiff's pictures.

At the conclusion of the testimony, the trial court entered judgment in favor of defendant and issued an oral decision. After summarizing the evidence, the trial court found plaintiff had failed to establish "his cause of action [for breach of contract] with any specificity as to what was not completed for $4,000" and defendant established "sufficient proofs to verify that he did approximately $4,000 worth of work." Regarding plaintiff's allegations of property damage, the trial court reasoned that "[p]apers and garbage . . . d[id not] come from the contractor" and defendant did not cause the windows to be "[b]oarded up." Plaintiff did not produce an expert to support his claim for damages or pictures depicting the property's condition before defendant's work. The trial court noted plaintiff's pictures were from "2019" and "depict[ed] various areas of demolition within the house," including "plaster and lath walls destroyed, holes in the ceiling, [and] holes in the pipes." However, the trial court noted that such

4

damage was "not a contractor's issue." Further, the trial court specifically afforded greater weight to defendant's testimony that he painted "the second and third floor" of the house and had produced pictures showing completed work. After finding plaintiff failed to satisfy his burden, the trial court advised the parties that "the case [wa]s dismissed" and instructed them to wait for "a copy of the order."

Plaintiff maintains he waited for the order and staff directed him to another room in the courthouse but was never provided with the written order. He maintains he later spoke with a clerk about appealing the judgment and was provided "forms to complete for [a] motion to vacate dismissal." On September 12, 2024, plaintiff filed his first motion to vacate the dismissal of his complaint. Plaintiff inserted the name "Malcolm Const." in the caption as a defendant, despite never having joined Malcolm Construction in the original action.

On September 27, 2024, a different court (motion court) denied the motion to vacate the dismissal for lack of proper service. Plaintiff then filed a second motion to vacate the dismissal of his complaint, again naming Malcolm Construction and defendant. On November 8, the motion court denied the motion because plaintiff "provide[d] neither a factual or legal basis for [the requested motion] relief." Plaintiff filed the same motion a third time, which

A-1636-24

the motion court denied on December 6, finding plaintiff "still fail[ed] . . . to proffer any legal or factual evidence in support of the relief requested."

Plaintiff filed a fourth motion to vacate the dismissal and added a request to amend the complaint, which the court denied on January 3, 2025. The motion court found plaintiff failed to include the proposed amended complaint, which sought "to add another defendant" and failed to state any "factual allegations . . . as to this potential defendant."

Plaintiff filed a fifth motion, again seeking to vacate the dismissal and to amend the complaint, this time including a proposed amended complaint containing the same allegations against Malcolm Construction that he previously presented, and which were dismissed, against defendant. On January 31, the motion court denied plaintiff's motion to amend the complaint, stating, "movant seeks to amend a complaint that has been dismissed with prejudice" and "[t]here is no[] basis in law for this relief." The motion court also denied plaintiff's request to vacate the dismissal, stating that "to the extent . . . [plaintiff] seeks to challenge" the trial court's judgment after trial, "there is an insufficient basis . . . to vacate that final judgment." This appeal followed.

On appeal, plaintiff raises the following contentions: the motion court erred in failing to reinstate his complaint because it found no fault by plaintiff

6

or prejudice to defendant; the motion court abused its discretion in denying leave to amend the complaint; and defendant admitted not repairing the first floor.

## II.

We "review a 'trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard.'" Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). Ordinarily, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). "[W]e defer to the trial court's credibility determinations, because it '"hears the case, sees and observes the witnesses, and hears them testify," affording it "a better perspective than a reviewing court in evaluating the veracity of a witness."'" City Council of Orange Twp. v. Edwards, 455 N.J. Super. 261, 272 (App. Div. 2018) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)).

We will "'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice.'" Allstate Ins. Co. v.

Northfield Med. Ctr., P.C., 228 N.J. 596, 619 (2017) (quoting Griepenburg v. Township of Ocean, 220 N.J. 239, 254 (2015)). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

To prevail on a breach of contract claim, a plaintiff must prove: (1) "the parties entered into a contract containing certain terms"; (2) "plaintiff did what the contract required [plaintiff] to do"; (3) "defendant did not do what the contract required [defendant] to do"; and (4) "defendant's breach . . . caused a loss to the plaintiff." Woytas v. Greenwood Tree Experts, Inc., 237 N.J. 501, 512 (2019) (alterations in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016)). "Each element must be proven by a preponderance of the evidence." Globe Motor Co., 225 N.J. at 482.

Further, "[i]t is well-settled that '[c]ourts enforce contracts "based on the intent of the parties, the express terms of the contract, surrounding circumstances[,] and the underlying purpose of the contract."'" Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 615-16 (2020) (second alteration in original) (quoting In re County of Atlantic, 230 N.J. 237, 254 (2017)). "We do

8

not supply terms to contracts that are plain and unambiguous, nor do we make a better contract for either of the parties than the one which the parties themselves have created." Barr v. Barr, 418 N.J. Super. 18, 31-32 (App. Div. 2011) (quoting Maglies v. Est. of Guy, 193 N.J. 108, 143 (2007)). "The interpretation of a contract is generally subject to de novo review." Arbus, Maybruch & Goode, LLC v. Cohen, 475 N.J. Super. 509, 515 (App. Div. 2023).

III.

Plaintiff contends the motion court erred in denying his motion to reinstate his complaint because, after the trial court entered judgment in favor of defendant, it never provided him with a written order. He acknowledges the trial court issued an oral decision after the bench trial, finding plaintiff failed to prove a breach of contract and dismissing his complaint. Nevertheless, he contends the trial court's oral decision is insufficient and the dismissal of his complaint should be vacated. After a review of the record and the trial court's oral decision, we discern no merit in plaintiff's argument.

While the trial court should have provided the parties with a written order after it instructed them to "take a seat" and wait for "a copy of the order," we conclude it nevertheless substantially complied with Rule 1:7-4. At the conclusion of the trial, the trial court provided the parties with its decision and

9

reasons. The trial court satisfied the Rule's requirement that it "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury." R. 1:7-4(a). We also note plaintiff failed to address why he did not return to the courtroom for a copy of the order, write to the trial court requesting a copy of the order, or file a motion seeking the trial court issue a written order.

Plaintiff also failed to timely move to set aside the court's verdict and for a new trial. R. 4:49-1; R. 6:6-1. Plaintiff was required to move to set aside the verdict within twenty days "after the court's conclusions [we]re announced." R. 4:49-1(b); see Spedick v. Murphy, 266 N.J. Super. 573, 587 (App. Div. 1993) (noting that "[h]istorically, our courts have strictly construed R[ule] 4:49-1(b)[] and denied" relief when "motions [were] not served within the required . . . period"). We, therefore, discern no error in the motion court's denial of plaintiff's multiple motions to vacate.

We also reject plaintiff's argument that reversal is warranted because the motion court failed to permit him to amend his complaint to add Malcolm Construction as a party after his initial complaint was dismissed. Plaintiff's amended complaint simply restated the same breach of contract claim against Malcolm Construction that he had asserted against defendant, which was

dismissed after trial. While the relation back doctrine, <u>Rule</u> 4:9-3, provides a basis to permit the filing of an amended complaint under the principle of fundamental fairness, a party is not to invoke the doctrine to add a party based on the same previously adjudicated allegations against that party's principal. It is well-recognized that "[t]he doctrine of res judicata 'contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation.'" <u>Selective Ins. Co. v. McAllister</u>, 327 N.J. Super. 168, 172 (App. Div. 2000) (italicization omitted) (quoting <u>Lubliner v. Bd. of Alcoholic Beverage Control</u>, 33 N.J. 428, 435 (1960)). For these reasons, the motion court appropriately denied plaintiff's motions to amend.

Finally, plaintiff's contention that his complaint should be reinstated because defendant admitted not working on the house's first floor lacks merit. The trial court's finding that plaintiff failed to prove his breach of contract is sufficiently supported by the evidence. Plaintiff's remaining contentions lack sufficient merit to warrant discussion in our written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

11

A-1636-24